**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3673
_____

RICARDO LANDELL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-617-540)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 27, 2014

Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: January 29, 2014)
_____

OPINION
_____

PER CURIAM

Ricardo Landell, proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his removal proceedings. For the reasons that follow, we will dismiss the petition.

I.

Landell is a native and citizen of Jamaica who entered the United States as an immigrant in 1996. Between 2000 and 2009 he amassed four state court convictions (one in New York and three in New Jersey). In 2012, the Government served him with a Notice to Appear, charging him with being removable on three different grounds: (1) as an alien who has been convicted of two or more crimes involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(ii); (2) as an alien who has been convicted of a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i); and (3) as an alien who has been convicted of an "aggravated felony," see 8 U.S.C. § 1227(a)(2)(A)(iii).

Landell, through counsel, conceded the first two charges of removability, but denied being removable as an aggravated felon. He also applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After holding a hearing on the merits of that application, the Immigration Judge ("IJ") denied relief and ordered Landell's removal to Jamaica. The IJ began her analysis by determining that Landell's conviction for criminal sexual contact, in violation of N.J. Stat. § 2C:14-3(b), constituted an aggravated felony. Next, the IJ explained that this aggravated felony designation rendered Landell ineligible for asylum. Lastly, the IJ concluded that

2

Landell's claims for withholding of removal and CAT relief failed on the merits. The BIA upheld the IJ's decision on appeal, and Landell's pro se petition for review that followed was dismissed in March 2013 for failure to prosecute. See C.A. No. 13-1612.

In July 2013, Landell, proceeding pro se, moved the BIA to reopen his removal proceedings. On August 19, 2013, the BIA denied the motion as untimely. The BIA explained that, to the extent the motion claimed that Landell's former immigration attorney had been ineffective, Landell had failed to substantially comply with the procedural requirements set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). The BIA also determined that Landell had not demonstrated that he was prejudiced by that attorney's conduct because, contrary to Landell's contention, Landell would not have been eligible for a waiver of inadmissibility or cancellation of removal even if he did not qualify as an aggravated felon. Lastly, the BIA concluded that Landell's motion to reopen "does not demonstrate an exceptional situation that would warrant the exercise of our discretionary authority to reopen his proceedings sua sponte, particularly given his lengthy criminal history." (A.R. at 3.)

Landell now seeks review of the BIA's August 19, 2013 decision.

II.

We begin by outlining the scope of our review. First, we lack jurisdiction to review the BIA's denial of sua sponte reopening. See Pllumi v. Att'y Gen., 642 F.3d 155, 159-60 (3d Cir. 2011). Second, because Landell is removable for, inter alia, having been convicted of a controlled substance offense, we may review only colorable

3

constitutional claims and questions of law.  See 8 U.S.C. § 1252(a)(2)(C)-(D); Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010).  "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'"  Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)).  With these principles in mind, we turn to Landell's claims.

Having reviewed Landell's opening brief and his petition for review (the former refers the reader to the latter), we conclude that those filings fail to raise a colorable constitutional claim of question of law.  His claim that he does not actually qualify as an aggravated felon is irrelevant to our review of the BIA's denial of reopening.  Indeed, neither the BIA's determination that he had not substantially complied with Lozada nor its conclusion that he had not demonstrated that he was prejudiced by his former attorney's conduct hinged on his aggravated felon status.  As for his claim that he, in fact, complied with all of Lozada's requirements, this claim effectively challenges the BIA's factfinding, which we lack jurisdiction to review.  See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).[1]  Lastly, his claims that the BIA "fail[ed] to address the factual issues" in his motion to reopen, failed to "articulat[e] a reason why [his] legal

---

[1] In presenting this claim, Landell appears to rely on evidence that is not part of the administrative record and post-dates the BIA's denial of reopening.  As a result, even if we had jurisdiction to review this claim, we would still not be able to consider that evidence.  See 8 U.S.C. § 1252(b)(4)(A).

4

arguments raised [were] without merit," and "provided no rational basis" to deny

reopening are wholly undeveloped and belied by the record.

In light of the above, we will dismiss the petition.[2]

---

[2] Landell's reply brief argues that the BIA's prejudice determination was error because he is, in fact, eligible for cancellation of removal. Because Landell did not raise this claim in his opening brief, this claim is waived. See Skretvedt v. E.I. DuPont de Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004). Even if this claim were not waived, it would still not entitle him to relief because the BIA articulated an alternative basis for denying reopening (his failure to comply with Lozada).